JOHN W. CORLIES & another *vs.* ALBIN P. HOWE.

In an action by the indorsee against the maker of a promissory note, the defendant may prove by oral evidence that it was made for the accommodation and at the request of the plaintiff, and without consideration.

A written receipt given by the payee to the maker of a promissory note, reciting a consideration therefor, does not exclude oral evidence that the recital was added by the payee without the maker's knowledge, and that in fact there was no consideration.

ACTION OF CONTRACT by the indorsee against the maker of a promissory note dated at New York, October 22d 1856, and payable to the order of Joseph Colton. Answer, that the note was made for the accommodation of the plaintiffs and Colton,

and that the plaintiffs agreed with the defendant that they would provide for and take up the note at maturity, so that the defendant should not be compelled to pay it.

At the trial in the court of common pleas in Hampshire, before *Briggs*, J., the defendant admitted, on cross-examination, that at the time of making the note the following receipt was given to him for it :

" Received, New York, October 22d 1856, from Mr. A. P Howe, of Amherst, Mass., his note at ninety days from date to the order of Mr. Joseph Colton, for fourteen hundred and twenty four and $\frac{3}{100}$ dollars, payable at Bank of North America, New York, being in payment of note of Mr. Joseph Colton, due this day, amount fourteen hundred dollars.  And in consideration of the receipt of said note made by Mr. Howe, we hereby agree to discharge from record the security we now hold as collateral, viz : three quarters interest in a lease of an iron mine on the farm of Joseph Leake, near Knoxville, Tennessee, and three fourths interest in a patented lifeboat, given as collateral security by the said Joseph Colton.      John W. Corlies & Co."

The defendant offered to prove by his own oral testimony the facts stated in his answer.  But the judge excluded the evidence, a verdict was returned for the plaintiffs, and the defendant alleged exceptions.

*C. Delano*, for the defendant.

*R. A. Chapman & E. Dickinson*, for the plaintiffs.  Oral evidence that the note was not to be paid according to its terms was inadmissible.  The receipt given by the plaintiffs is also a contract which oral evidence cannot be received to contradict or vary, and is therefore to be held conclusive proof of consideration.  *Hunt* v. *Adams*, 7 Mass. 518.  *Warren* v. *Wheeler*, 8 Met. 97.  *Adams* v. *Wilson*, 12 Met. 138.  *Underwood* v. *Simonds*, 12 Met. 275.  *Hanchet* v. *Birge*, 12 Met. 545.  *Joseph* v. *Bigelow*, 4 Cush. 82.  *Billings* v. *Billings*, 10 Cush. 178.  *Heywood* v. *Perrin*, 10 Pick. 228.  *Stackpole* v. *Arnold*, 11 Mass. 27. *Wakefield* v. *Stedman*, 12 Pick. 562.  *Bursley* v. *Hamilton*, 15 Pick. 40.  *Curtis* v. *Wakefield*, 15 Pick. 437.  *Allen* v. *Furbish*, 4 Gray, 504, & cases cited.  1 Greenl. Ev. §§ 3, 87, 305.

DEWEY, J.   It was competent for the defendant to show that the note purporting to be a negotiable note, payable to the order of Joseph Colton, and by him indorsed in blank, and now sued by the plaintiff as indorsee, was in fact a mere accommodation note, made at the request of the plaintiffs, to be used by them for their own convenience and to be paid by them.   Such evidence is not excluded by our decisions, holding parol evidence inadmissible to annex a condition or defeasance to an absolute promise, or to vary the amount or time of payment.   The case proposed to be shown is one where at no moment, and upon no contingency, the defendant was to pay the note or any part of it.   In the cases of exclusion of parol testimony offered to establish a condition or agreement that in a certain event the note was not to be paid, there was generally a previous existing legal consideration, or liability of some kind, as property or something valuable, held by the party, for which the note was given; or it was a case of a liability assumed for a debtor of the payee; and not a case of accommodation paper, made solely at the instance of the plaintiff in the action, and under circumstances excluding all intention to come under any liability to the plaintiff in any possible contingency.

In the case of such mere accommodation paper, parol evidence is admissible to prove that fact.   Hence it was competent for the defendant to introduce evidence to show that he signed the note at the request and for the accommodation of the plaintiffs, and not for his own debt, or as surety for Colton, but to enable the plaintiffs to raise money, they requesting this form of promise to be used, and stipulating to pay the note themselves.   It is a good defence to show that there was no consideration, and that the promise was a mere gratuity.   It is no more objectionable to show that the note was executed by the defendant to enable the plaintiffs to raise money thereon.   You may negative the receipt of value by parol evidence, but you cannot vary the engagement.   Chit. Bills, (12th Amer. ed.) 70. *King* v. *Phillips*, 12 M. & W. 705.   *Parish* v. *Stone*, 14 Pick. 201

The only real question here is as to the effect of the written instrument given at the date of the note by the plaintiffs to the

defendant, purporting to be a receipt for this note in payment of a note of Joseph Colton, and reciting that, in consideration of the giving this note, the plaintiffs agree to discharge a certain mortgage held by them upon certain property of Colton. This receipt is not the written acknowledgment of the defendant, but of the plaintiffs, and becomes operative upon the defendant, if at all, only by the fact of his having it in his possession under a delivery from the plaintiffs. This paper is of course open to inquiry as to its actual receipt by the defendant with a knowledge of its contents, and might be avoided by proof of imposition or fraud practised upon him.

It is not an instrument the production of which from the possession of the defendant estops all inquiry into the real character of the transaction, or forbids an impeachment of the consideration of the note. Unexplained and uncontrolled, it is very strong, and quite sufficient evidence for the plaintiffs to rely upon. So would the recital " for value received " in the note itself be sufficient evidence of consideration, unless the contrary was shown by other evidence. But that recital, although in writing, may always be controlled by oral evidence. Not only is this so, but in the recent case of *Abbott* v. *Hendricks,* 1 Man. & Gr. 791, and 2 Scott N. R. 183, where, in an action on a promissory note in which the consideration was expressed to be for commissions due to the plaintiff for business transacted for the maker ; and the defendant pleaded that the real consideration for the note was services to be thereafter rendered by the plaintiff, which had never been performed; yet it was held that the evidence in support of the plea was admissible, and ought to have been received at the trial ; that although it was not competent for the defendant to controvert or vary by parol the contract that appeared on the note, he might show that there was no consideration ; and that as the defendant might deny the truth of the words " value received," so he was equally at liberty to show a failure of the special consideration stated in the note. See also *Foster* v. *Jolly,* 5 Tyrwh. 239, and 1 Cr., M. & R. 703.

If it be true that a recital of a specific consideration in the note itself is open to be controverted and overcome by evidence

*aliunde,* it would seem to follow that a recital in another instrument executed by the plaintiffs would be equally open to contradiction and to be controlled. It is not necessary for us to extend the principle so far as it was carried in the case of *Abbott* v. *Hendricks;* for the written instrument relied upon by the plaintiffs as conclusive evidence of the real consideration, was a collateral instrument, and not a recital contained in the note itself.

The court are of opinion that this receipt was not conclusive upon the defendant as to the consideration of the note, but that it was competent for the defendant to show that the recitals therein were added by the plaintiff without his knowledge, and also to show that in fact there was no such consideration, but that the note was executed by the defendant at the request of the plaintiffs, to be used for their benefit and under the stipulation that they would pay the same, or in other words that the defendant lent his name to the plaintiffs for their accommodation. *Exceptions sustained.*